IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SCOTT B. C.,[1]

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

6:18-cv-01738-BR

OPINION AND ORDER

**KATHERINE L. EITENMILLER**
**BRENT WELLS**
Harder, Wells, Caron & Manning. P.C.
474 Willamette Street
Eugene, OR  97401
(541) 686-1969

        Attorneys for Plaintiff

**SCOTT ERIK ASPHAUG**
Acting United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**LARS J. NELSON**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3717

    Attorneys for Defendant

**BROWN, Senior Judge.**

This matter comes before the Court on Plaintiff Scott B. C.'s Motion (#24) for Fees and Expenses pursuant to the Equal Access to Justice Act (EAJA) in which he seeks an award of attorneys' fees and costs pursuant to 28 U.S.C. § 2412.

For the reasons that follow, the Court **GRANTS** Plaintiff's request for EAJA fees and **AWARDS** fees of **$14,998.51** and costs of **$905.00**.

## BACKGROUND

On July 14, 2015, Plaintiff protectively filed his application for DIB benefits. Plaintiff's application was denied initially and on reconsideration. On July 24, 2017, an Administrative Law Judge (ALJ) held a hearing on Plaintiff's application.

On October 27, 2017, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled

2 - OPINION AND ORDER

to benefits. On July 26, 2018, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner.

On September 29, 2018, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

On October 8, 2019, this Court issued an Opinion and Order (#14), affirmed the decision of the Commissioner, and dismissed the matter pursuant to sentence four of 42 U.S.C. § 405(g).

On December 4, 2019, Plaintiff filed a Notice of Appeal (#16) to the Ninth Circuit.

On October 30, 2020, the Ninth Circuit issued a Memorandum (#19) decision in which it reversed the decision of the Commissioner and remanded the matter for the payment of benefits.[2]

On January 28, 2021, this Court entered Judgment of Remand (#23) pursuant to the Ninth Circuit Mandate (#27) issued on January 27, 2021.

On April 28, 2021, Plaintiff, as the prevailing party, filed a Motion (#24) for attorneys' fees and costs pursuant to

---

[2] On January 19, 2021, the Ninth Circuit issued an Order (#20) that amended its Memorandum decision to clarify the period of disability and entered an Amended Memorandum (#21).

3 - OPINION AND ORDER

EAJA. Plaintiff seeks attorneys' fees in the amount of $14,998.51 and costs in the amount of $905.00.

## STANDARDS

Under EAJA, 28 U.S.C. § 2412(d)(1)(A), a plaintiff may recover attorneys' fees and costs in an action against the United States or any agency or official of the United States if "(1) the party seeking fees is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested [attorneys'] fees and costs are reasonable." *United States v. Milner*, 583 F.3d 1174, 1196 (9th Cir. 2009)(citing 28 U.S.C. § 2412(d)(1)(A)). *See also Perez-Arellano v. Smith*, 279 F.3d 791, 792 (9th Cir. 2002).

"To be a prevailing party, the party must have received an enforceable judgment on the merits or a court-ordered consent decree." *United States v. Milner*, 583 F.3d 1174, 1196 (9th Cir. 2009). "Enforceable judgments and court-ordered consent decrees create 'the material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 604 (2001)(internal citation omitted).

4 - OPINION AND ORDER

A prevailing plaintiff is not entitled to attorneys' fees under EAJA when the Commissioner's positions were substantially justified. *Li v. Keisler*, 505 F.3d 913, 918 (9th Cir. 2007). *See also Le v. Astrue*, 529 F.3d 1200, 1201 (9th Cir. 2008). The Commissioner's positions are substantially justified if they are reasonably based in both law and fact. *Hardistry v. Astrue*, 592 F.3d 1072, 1079 (9th Cir. 2010)(citing *Pierce v. Underwood*, 487, U.S. 552, 556 n.2 (1988)). The Commissioner's failure to prevail on the merits "does not raise a presumption that his position was not substantially justified." *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 620 (9th Cir. 2005)(citing *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988)).

When the Commissioner opposes a claimant's fee request, he bears the burden to establish that his positions at each stage of the proceeding were "substantially justified." *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998). *See also U.S. v. Real Property at 2659 Roundhill Drive, Alamo, Cal.*, 283 F.3d 1146, 1151 (9th Cir. 2002). To prevail, therefore, the Commissioner must establish the positions taken in opposition to the claimant's efforts to obtain Social Security benefits both in the proceedings before this Court and in the underlying administrative action were substantially justified. *See Lewis*,

281 F.3d at 1085-86.

The Commissioner's position must be "'justified in substance or in the main,' — that is, justified to a degree that could satisfy a reasonable person." *Gonzales*, 408 F.3d at 618 (citing *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)). "Put another way, substantially justified means there is a dispute over which 'reasonable minds could differ.'" *Gonzales,* 408 F.3d at 618 (citing *League of Women Voters of Cal. v. FCC,* 798 F.2d 1255, 1257 (9th Cir. 1986)).

## DISCUSSION

Plaintiff asserts the Commissioner's positions were not substantially justified, and, therefore, Plaintiff is entitled to attorneys' fees and costs as the prevailing party.

The Commissioner, however, contends the Commissioner was substantially justified in defending the issues adjudicated and Plaintiff's request for filing fees is untimely.

**I.  The government's position was not substantially justified.**

Plaintiff contends he is entitled to an award of attorneys' fees and costs as the prevailing party on the ground that the Commissioner cannot show his position "with respect to the issue on which the court based its remand was 'substantially

justified.'" Plaintiff points to the fact that the Ninth Circuit concluded the ALJ's findings regarding the opinion of Dr. Frederic Van Dis, Plaintiff's treating physician, and Plaintiff's testimony did not have any basis in fact or law, and, therefore, the Commissioner's position in defending those findings is not justified.

The Commissioner contends he had a reasonable basis in law and in fact to defend the ALJ's findings and, therefore, he was substantially justified in defending this matter on appeal.

### A. Standards

It is the government's burden to show that the position of the United States was substantially justified. *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). "Substantial justification means . . . justified to a degree that could satisfy a reasonable person. Put differently, the government's position must have a 'reasonable basis both in law and fact.'" *Meier*, 727 F.2d at 870 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). Thus, the court "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Gutierrez v.*

*Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001).

    B.    **Analysis**

The Ninth Circuit focused on Dr. Van Dis's opinion that Plaintiff would "miss more than 4 days per month." The Ninth Circuit noted:

> The ALJ gave little weight to this opinion. The ALJ did not include the limitation that [Plaintiff] would miss "more than 4 days per month" in [Plaintiff's] RFC. Nor did the ALJ give any reason for not including this limitation. The ALJ's reasons for giving little weight to the treating physician are not supported by substantial evidence. If the treating physician's opinion is given full weight, Plaintiff is entitled to disability benefits because the Vocational Expert has already opined that no jobs exist for one with [Plaintiff's] limitations.
>
>     \* \* \*
>
> Nor does substantial evidence support the ALJ's rejection of Dr. Van Dis' functional limitations on the ground that [Plaintiff] regained the ability to walk up to 2.2 miles. The record makes clear that those exertions consistently required [Plaintiff] to sleep for hours afterwards. [Plaintiff's] ability to walk before sleeping does not contradict Dr. Van Dis' functional limitations. Had the opinion of the only treating physician correctly been given full weight, [Plaintiff] would have been found to have been disabled during the claimed period of disability.

Memorandum (#19) at 3, 4.

In *Meier v. Colvin* the Ninth Circuit reversed the ALJ's decision and remanded the case on the ground that the ALJ

failed to offer specific and legitimate reasons supported by substantial evidence for rejecting the treating physician's opinion that the claimant was incapable of working. 404 F. App'x 150 (9th Cir. 2010). On subsequent appeal of the district court's order denying the claimant's motion for EAJA fees, the Ninth Circuit held the position of the United States was not substantially justified and reversed for the payment of fees and costs. *Meier v. Colvin*, 727 F.3d 867 (9th Cir. 2013). The Court stated:

> In reaching these conclusions [that the ALJ erred], we applied the deferential substantial evidence standard of review. Under this standard, "'[s]ubstantial evidence' means . . . such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035 (9th Cir. 2007). Given the significant similarity between this standard and the substantial justification standard— "justified to a degree that could satisfy a reasonable person," *Pierce,* 487 U.S. at 565, 108 S. Ct. 2541—this court and other circuits have held that a "holding that the agency's decision . . . was unsupported by substantial evidence is . . . a strong indication that the 'position of the United States' . . . was not substantially justified." *Thangaraja,* 428 F.3d at 874; *see also id.* ("[I]t will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" (quoting *Al-Harbi,* 284 F.3d at 1085)); *Hadden v. Bowen,* 851 F.2d 1266, 1269 (10th Cir. 1988)(holding that "a lack of substantial

> evidence indicates, but does not conclusively
> establish, that the government's position
> concerning a claim was not substantially
> justified").
>
> * * *
>
> Because the government's underlying position was
> not substantially justified, we need not address
> whether the government's litigation position was
> justified. *See Shafer,* 518 F.3d at 1071 ("The
> government's position must be substantially
> justified at each stage of the proceedings."
> (quoting *Corbin v. Apfel,* 149 F.3d 1051, 1052
> (9th Cir.1998))(internal quotation marks
> omitted)); *Li v. Keisler,* 505 F.3d 913, 918 (9th
> Cir. 2007)(order)("[T]he government must show
> that all of these positions were substantially
> justified in order to avoid an award of EAJA
> fees."). . . . Even if we were to reach the
> issue, we would conclude that the government's
> litigation position—defending the ALJ's errors on
> appeal—lacked the requisite justification. *See
> Sampson,* 103 F.3d at 922 ("It is difficult to
> imagine any circumstance in which the
> government's decision to defend its actions in
> court would be substantially justified, but the
> underlying administrative decision would not.")
> (quoting *Flores v. Shalala,* 49 F.3d 562, 570
> n.11 (9th Cir. 1995))(internal quotation marks
> omitted). Although the government proffers a
> lengthy defense of the ALJ's decision, it largely
> reiterates arguments that we rejected in the
> previous appeal. Given the serious flaws in the
> ALJ's analysis, we are not persuaded that the
> government reasonably chose to defend the ALJ's
> decision in this action.

*Meier*, 727 F.3d at 872-73. The Court concludes *Meier* controls in this case.

Here, as noted, the Ninth Circuit concluded the ALJ

did not provide in his assessment of Plaintiff's RFC any legally sufficient reasons supported by substantial evidence in the record for not including the limitation that Plaintiff would miss more than four days of work per month.  The Ninth Circuit also noted the ALJ did not give legally sufficient reasons supported by substantial evidence in the record for giving little weight to the opinion of Dr. Van Dis, Plaintiff's treating physician.

On this record the Court concludes the government's position was not substantially justified because the Commissioner's position was not supported by substantial evidence in the record.  Accordingly, the Court concludes Plaintiff is entitled to an award of attorneys' fees pursuant to EAJA.

**II.  Plaintiff seeks a reasonable amount of attorneys' fees.**

Plaintiff seeks attorneys' fees of $14,998.51.  The fees represent a total of 72.70 hours of work as follows:  2.55 hours at an hourly rate of $201.60 for work performed in 2018; 36.10 hours at an hourly rate of $205.25 for work performed in 2019; and 34.05 hours at an hourly rate of $207.78 for work performed in 2020/2021.  The government does not object to these hours or the hourly rates, and the Court notes the rates are within the

statutory cap on hourly rates provided for under the EAJA.

Although the government has not challenged the reasonableness of the fees sought by Plaintiff, the Court, nonetheless, must determine whether the requested attorneys' fees are reasonable. 28 U.S.C. § 2412(d)(1)(A). *See also Perez-Arellano v. Smith,* 279 F.3d 791, 792 (9th Cir. 2002). The Court notes other courts have concluded a similar number of hours is reasonable. *See, e.g., Johnson v. Astrue*, No. 07-CV-2387, 2008 WL 3984599, at *2 (N.D. Cal. Aug. 27, 2008)(57 hours reasonable); *Wirth v. Barnhart*, 325 F. Supp. 2d 911, 913 (E.D. Wis. 2004)(61.1 hours reasonable). *See also Patterson v. Apfel*, 99 F. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000)(citing numerous cases in which district courts have awarded attorneys' fees for 20-50 hours of work performed in challenging denials of Social Security benefits).

On this record the Court concludes the amount of time spent by Plaintiff's counsel in the handling of this matter is appropriate and the fees sought are reasonable.

**III. Plaintiff's request for costs is timely.**

Plaintiff seeks recovery of costs in the amount of $905.00 for filing fees, which includes the district court's filing fee of $400.00 and the appellate court's filing fee of $505.00. The

Commissioner contends Plaintiff's request for costs is untimely pursuant to 28 U.S.C. § 1920(1) and Local Rule (LR) 54-1(a).

As noted, the Ninth Circuit's Mandate in this case was entered on January 27, 2021, and this Court entered a Judgment of Remand on January 28, 2021.

### A. Standards

28 U.S.C. § 1920 allows the court to tax costs, including filing fees, upon the filing of a cost bill after entry of judgment. LR 54-1(a) provides a cost bill must be filed no later than 14 days after entry of judgment or docketing of the appellate court's mandate.

The EAJA permits the taxing of costs against the United States as enumerated in § 1920. 28 U.S.C. § 2412(a)(1). Subsection (d)(1)(A) provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Subsection (d)(1)(B) also provides:

> A party seeking an award of fees and other

> expenses shall, within thirty days of final
> judgment in the action, submit to the court an
> application for fees and expenses which shows
> that the party is a prevailing party and is
> eligible to receive an award under this
> subsection. . . .  The party shall also allege
> that the position of the United States was not
> substantially justified.

**B.    Analysis**

This Court has held a claimant may recover filing fees as an "expense" pursuant to subsection (d) of the EAJA.  In *Webb v. Astrue* this Court stated:

> A prevailing party entitled to fees and expenses
> under the EAJA can recover costs and litigation
> expenses under two distinct EAJA provisions.  The
> statute provides that "a court shall award to a
> prevailing party other than the United States
> fees and other litigation expenses, in addition
> to any costs awarded pursuant to subsection
> (a)(1), incurred by that party in any civil
> action. . . ."  28 U.S.C. § 2412(d)(1)(A).  This
> means that the prevailing party is entitled to
> both "costs" pursuant to subsection (a)(1) and
> "litigation expenses" pursuant to subsection
> (d)(1)(A).
>
> Recoverable costs under EAJA subsection (a)(1)
> are governed by 28 U.S.C. § 1920, which
> compensates parties for fees of the clerk. . . .
> But the EAJA also awards "fees and other
> expenses" incurred in the litigation, under
> subsection (d)(1)(A). . . .  This provision has
> been interpreted as expanding rather than
> contracting the expenses that are compensable
> under the statute.  *See Int'l Woodworkers of
> America v. Donovan,* 792 F.2d 762, 767 (9th Cir.
> 1985)(holding that expenses enumerated under 28
> U.S.C. § 2412(d)(2)(A) are examples, not an
> exclusive list).

*Webb v. Astrue*, No. CV 08-1067-HU, 2010 WL 5631616, at *3 (D. Or. Nov. 23, 2010), *report and recommendation adopted sub nom. Webb v. Comm'r of Soc. Sec. Admin.*, No. CV 08-1067-HU, 2011 WL 202288 (D. Or. Jan. 18, 2011). *See also Freeman v. Mukasey*, No. 04-35797, 2008 WL 1960838, at *7 (9th Cir. Feb. 26, 2008) (claimant's request for $514.84 for filing fees allowed without objection); *Inmon v. Colvin*, No. 1:15-cv-00982-CL, 2016 WL 6694499, at *1 (D. Or. Sept. 15, 2016)(granting application for attorneys' fees and costs, including the filing fee, filed pursuant to subsection (d) of the EAJA); *Colton v. Berryhill*, No. 3:15-cv-01962-CL, 2017 WL 5562417, at *1-*4 (D. Or. May 19, 2017)(same); *Youtsey v. Astrue*, No. 1:11-cv-6014-CL, 2012 WL 3026558, at *1-*2 (D. Or. July 19, 2012)(same); *Vanderpool v. Astrue*, No. 03:10-cv-06264-HU, 2012 WL 5399206, at *2 (D. Or. Oct. 16, 2012)(same); *Schroeder v. United States*, No. CV 08-1277- AC, 2010 WL 3222106, at *1 (D. Or. Aug. 13, 2010)(same); *Puckett v. Astrue*, No. 2:11-cv-6250-SU, 2013 WL 1222858, at *1 (D. Or. Feb. 13, 2013)(citing subsection (d) of the EAJA as authority for "federal courts to award attorney fees, court costs and other expenses when a party prevails against the United States in a proceeding for review of an agency action, unless the court finds the position of the United States was

substantially justified or that special circumstances make an award unjust"); *Bottom v. Comm'r, Soc. Sec. Admin.*, No. 6:13-cv-01106-CL, 2015 WL 78763, at *1 (D. Or. Jan. 6, 2015)(same). *Dahl v. Comm'r Soc. Sec. Admin.*, No. 3:14-cv-00904-CL, 2015 WL 7777782, at *1 (D. Or. Dec. 2, 2015)(same).

The Court concludes filing fees are recoverable in this case as costs under the EAJA pursuant to 28 U.S.C. § 2412. The Court also finds Plaintiff's Motion for EAJA fees was filed within the statutory time following entry of final Judgment by this Court and following the Mandate of the Ninth Circuit. Accordingly, the Court concludes Plaintiff's request for costs is timely.

## **CONCLUSION**

For these reasons, the Court **GRANTS** Plaintiff's Motion (#24) for Fees and Expenses Under the Equal Access to Justice Act and **AWARDS** fees to Plaintiff of **$14,998.51** and costs of **$905.00.**

IT IS SO ORDERED.

DATED this 24th day of June, 2021.

                               ___s/ Anna J. Brown_____
                               ANNA J. BROWN
                               United States Senior District Judge